**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **SARAH CABRERA**, on behalf of herself and others similarly situated, | : <br> : <br> : CASE NO. 3:23-cv-254 <br> : <br> : JUDGE <br> : <br> : MAGISTRATE JUDGE <br> : <br> : **JURY DEMAND ENDORSED HEREON** |
| Plaintiff, | |
| v. | |
| **ELSA'S MEXICAN ENTERPRISES, INC.**,[1] <br> c/o William Hemmert <br> 6318 Far Hills Ave <br> Centerville, OH 45459, | |
| -and- | |
| **ELSA'S ON THE BORDER, LLC**, <br> c/o Ralph A. Skilken, Jr. <br> 50 East Third Street <br> Dayton, OH 45402, | |
| Defendants. | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Sarah Cabrera ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendants Elsa's Mexican Enterprises, Inc., and Elsa's On The Border, LLC, (collectively "Defendants") for their failure to pay employees minimum wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Constitution, Art. II § 34(a); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The claims under the Ohio Constitution and the OPPA are brought as class actions pursuant to Federal Rule of Civil Procedure 23. The following

---

[1] Under information and belief, Elsa's Mexican Enterprises, Inc. is known colloquially as "Elsa's Mexican Restaurant" and/or "Elsa's Restaurant."

allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Constitution, the OPPA, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 because this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendants from approximately April 2022, until August 2022.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendants as defined in the FLSA, Ohio Constitution, and the OPPA. Specifically, Named Plaintiff was employed by Defendants as an hourly server/bartender at their Elsa's East location (3618 Linden

Avenue, Dayton, Ohio 45410). Her primary job duties included preparing and/or serving food and drinks to/for customers.

7. During Named Plaintiff's employment, Defendants paid her at a "tipped minimum wage." However, Defendants did not give her a tip credit notice before applying a tip credit.

8. Defendants also did not compensate Named Plaintiff for non-tip-producing duties which comprised more than twenty percent (20%) of the time or when such non-tip-producing duties occurred for a continuous 30-minute period. These duties include, but are not limited to, the following: (1) cleaning tables, the bar, and/or other parts of the restaurant; (2) taking out trash or otherwise removing materials from the restaurant to be stored/taken elsewhere; (3) helping in the back and/or kitchen area(s); (4) working on various assignments for cleaning, organizing, inventorying, and other administrative tasks; and (5) when working as a bartender specifically, stocking the bar. As a result, Named Plaintiff was not fully and properly paid for all her hours worked in violation of the FLSA, the Ohio Constitution, and the OPPA.

9. Likewise, Defendants applied these pay practices and/or policies to their other similarly situated, hourly, non-exempt tipped employees. These practices and/or policies resulted in these similarly situated hourly tipped employees not being paid all their minimum wages earned in violation of the FLSA, the Ohio Constitution, and the OPPA.

10. Named Plaintiff brings this action on behalf of herself and those similarly situated and has given her written consent to bring this action to collect unpaid minimum compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent is filed alongside this Complaint as **Exhibit A**.

**B.    Defendants**

11. Defendant Elsa's Mexican Enterprises, Inc. is a domestic corporation for profit that

operates and conducts substantial business activities in the Southern District of Ohio.

12. Defendant Elsa's On The Border, LLC is a domestic limited liability company that operates and conducts substantial business activities in the Southern District of Ohio.

13. Defendants employed Named Plaintiff and other similarly situated tipped employees at their bar-restaurants.

14. Defendants are engaged in the food service industry and operate several Mexican bar-restaurants throughout Southwest Ohio (primarily within the Dayton, Ohio area).[2]

15. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

16. Defendants have registered multiple business entities as part of their enterprise.

17. Although Named Plaintiff and similarly situated hourly tipped employees are paid by one of Defendants' restaurants, Defendants are their "employer" because they collectively operate the single integrated enterprise or otherwise function as joint employers.

18. At all relevant times, Defendants have determined, co-determined, or otherwise shared those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated hourly tipped employees at Defendants' restaurants.

19. At all relevant times, Defendants have had direct or indirect control and authority

---

[2] *See The Story of Elsa's*, ELSA'S MEXICAN RESTS. AND SPORTS BARS, https://www.elsas.net/our-story.html (last visited Aug. 31, 2023). According to Defendants' website, they have the following restaurant locations: Elsa's East Restaurant & Cantina, Elsa's Kettering Sports Grill, Elsa's On The Border, Elsa's South Restaurant & Cantina, Elsa's Corner Cantina, and Elsa's Boro Cantina. *Id.*

over Named Plaintiff and their other similarly situated hourly tipped employees' working conditions. Defendants exercised that authority and control over Named Plaintiff and other similarly situated hourly tipped employees.

20. At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated hourly tipped employees. Defendants exercised that authority and control over Named Plaintiff and other similarly situated hourly tipped employees.

21. At all relevant times, Defendants have had the authority to and do hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

22. Upon information and belief, Defendants applied or cause to be applied substantially the same employment policies, practices, and procedures to all of their employees, including policies, practices, and procedures relating to the payment and calculation of wages, meal break deductions, overtime compensation, and timekeeping.

23. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated hourly tipped employees to work. The work that Named Plaintiff and other similarly situated hourly tipped employees primarily performed was for Defendants' benefit.

24. Upon information and belief, Defendants primarily function to operate a single group of restaurants and bars bearing the "Elsa's" name.

25. Defendants form a "single employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and their similarly situated hourly, non-exempt tipped employees because they operate a chain of centers with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

26. Because the work performed by Named Plaintiff and all other similarly situated hourly tipped employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated hourly tipped employees under the FLSA's definition of "employer."

27. Defendants have substantial control over Named Plaintiff's and similarly situated hourly tipped employees' working conditions and over the unlawful policies and practices alleged herein.

28. At all times relevant, Defendants were (an) employer(s) of Named Plaintiff and their other similarly situated hourly, non-exempt tipped employees as defined in the FLSA, the Ohio Constitution, and the OPPA.

29. Defendants operate, control, and employ employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

30. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage laws of the United States and the State of Ohio.

**III. FACTS**

31. Named Plaintiff and Defendants' other hourly tipped employees are hourly, non-exempt employees who are entitled to being paid the lawful minimum wage.

32. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, the Ohio Constitution, and the OPPA with respect to Named Plaintiff and other similarly situated hourly

employees, including tipped employees such as servers and bartenders. This policy and pattern or practice includes but is not limited to (1) their willful failure to provide necessary tip credit disclosures to Named Plaintiff and other similarly situated non-exempt tipped employees and (2) their practice of paying below the lawful tipped minimum wage, including when employees perform non-tip-producing duties.

### A. **Defendants Failed to Make Required Tip Credit Notice Disclosures.**

33. At all times relevant, Defendants impermissibly took a tip credit from the wages of Named Plaintiff and other similarly situated hourly tipped employees.

34. Specifically, Defendants failed to notify tipped employees that they would be taking a tip credit from their wages as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 ("tip credit provision").

35. Defendants did not inform Named Plaintiff and other similarly situated hourly tipped employees that they were taking a tip credit, nor did they inform them of the following information:

    a. That the amount of the tipped employees' direct wage the employer was paying them would be at least $2.13 per hour;

    b. That the additional amount *claimed by the employer* as a tip credit, cannot exceed $5.12 per hour (the difference between the minimum required direct (or cash) wage of $2.13 and the current Federal minimum wage of $7.25);

    c. That the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employees;

   d. That all tips the tipped employees received were to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

   e. That the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.[3]

36. Defendants did not inform Named Plaintiff and other similarly situated hourly tipped employees the above information necessary for Defendants to be able to use the FLSA Section 3(m) tip credit provision.

37. Nevertheless, Defendants applied a tip credit to Named Plaintiff's and other similarly situated hourly tipped employees' wages despite not satisfying their requirement to first provide these necessary disclosures.

38. Defendants' application of a tip credit to the wages of Named Plaintiff and other similarly situated hourly tipped employees was in violation of the FLSA.

39. Thus, during all relevant times, Defendants failed to pay Named Plaintiff and other similarly situated hourly tipped employees all lawful minimum wages earned because their policy or practice of not making a tip credit notice to their hourly tipped employees before taking the tip credit rendered their tipped credit policy unlawful.

### B. Defendants Required Tipped Employees to Perform Substantial Non-Tip-Producing Duties Without Paying the Full Minimum Wage

40. At all times relevant, Defendants maintained a policy or practice of requiring tipped workers to perform non-tip-producing duties that either constituted side work or were otherwise unrelated to their tipped occupation while still being compensated at the tipped minimum wage.

---

[3] *See Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act*, DEP'T OF LAB., https://www.dol.gov/agencies/whd/fact-sheets/15-tipped-employees-flsa (emphasis added).

These duties include, but are not limited to, the following: (1) cleaning tables, the bar, and/or other parts of the restaurant; (2) taking out trash or otherwise removing materials from the restaurant to be stored/taken elsewhere; (3) helping in the back and/or kitchen area(s); (4) working on various assignments for cleaning, organizing, inventorying, and other administrative tasks; and (5) when working as a bartender specifically, stocking the bar.

41. Named Plaintiff and other similarly situated hourly tipped employees were subject to Defendants' unlawful policy or practice of performing non-tip-producing work unrelated to the servers' tipped occupation, while still being compensated at the tipped minimum wage.

42. Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, more than 20 percent of the time or for a continuous period of time exceeding 30 minutes, performing non-tip-producing work.

43. Throughout their employment, Named Plaintiff and other similarly situated hourly tipped employees frequently spent more than 20 percent of their time performing non-tip-producing work, or performing non-tip-producing work for a continuous period of time exceeding 30 minutes.

44. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated hourly tipped employees for all minimum wages that they actually earned.

45. Defendants' failure to compensate Named Plaintiff and other similarly situated hourly tipped employees as set forth above resulted in unpaid minimum wages.

46. At all times relevant herein, Named Plaintiff and other similarly situated hourly tipped employees were employees as defined in the FLSA, the Ohio Constitution, and the OPPA.

47. During relevant times, Defendants had knowledge of and acted willfully regarding

their conduct described herein.

48. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

### A. Minimum Wage Collective

49. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and all other similarly situated employees of the following opt-in collective:

> **All current and former hourly, non-exempt tipped employees of Defendants during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Minimum Wage Collective" or "FLSA Minimum Wage Collective Members").**

50. Named Plaintiff and the putative FLSA Minimum Wage Collective Members were all subject to the same policies and/or practices described above, which resulted in them not earning at least (the applicable) minimum wage for all hours worked.

51. During the last three (3) years, Defendants did not compensate Named Plaintiff and the putative FLSA Collective Members at the applicable minimum wage. In particular, Defendants compensated Named Plaintiff and the putative FLSA Minimum Wage Collective Members at an hourly rate that fell below both the applicable minimum wage and the tipped minimum wage.

52. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wages withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

53. In addition to Named Plaintiff, the putative FLSA Minimum Wage Collective

Members ("FLSA Collective Members") have been denied proper minimum wage compensation due to the companywide unlawful policy and/or practice described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members at the applicable minimum wage for all hours worked. Named Plaintiff is representative of those other similarly situated hourly tipped employees and is acting on behalf of their interests as well as her own in bringing this action.

54.     The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for minimum wage compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

55.     The net effect of Defendants' aforementioned policy and/or practice is that Defendants willfully failed to properly pay Named Plaintiff and the FLSA Collective Members at the applicable minimum wage. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.     RULE 23 ALLEGATIONS

56.     Named Plaintiff brings her claims under the Ohio Constitution and the OPPA pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt tipped employees of Defendants during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Ohio Rule 23 Minimum Wage Class" or "Ohio Rule 23 Minimum Wage Class Members").**

57.     The Ohio Rule 23 Class includes all current and former hourly, non-exempt tipped

employees employed by Defendant as defined above.

58. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

59. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

60. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

61. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

62. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

63. Questions of law and fact are common to the Ohio Rule 23 Class.

64. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt hourly tipped employees.

65. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class.

66. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

67. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendants violated the Ohio Constitution and the OPPA as

described above; (b) whether Defendants kept accurate records of the amount of time that the Ohio Rule 23 Class Members were working each day; (c) whether Defendants' violations of the Ohio Constitution and the OPPA were knowing and willful; (d) what amount of unpaid and/or withheld minimum wage compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Constitution and the OPPA; and (e) what amount of prejudgment interest is due to the Ohio Rule 23 Class Members for unpaid minimum wages or other compensation that was withheld or otherwise not paid to them.

68. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**VI.   CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGE**

86. All of the preceding paragraphs are realleged as if fully rewritten herein.

87. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Minimum Wage Collective Members.

69. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

70. While Defendants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain required disclosures are not made to their employees. *See* 29 U.S.C. §§ 203(m) and 203(t).

88. Defendants forfeited the tip credit provision when they failed to inform Named Plaintiff and similarly situated hourly tipped employees of the tip credit provisions in 29 U.S.C. § 203(m) yet operated and paid their employees as if they could lawfully apply a tip credit to their employees' pay.

89. Defendants required Named Plaintiff and the FLSA Minimum Wage Collective Members to perform a substantial amount of dual job duties and side work in excess of twenty percent of their work time or for a continuous period of time exceeding 30 minutes. During these periods, Defendants Named Representative Plaintiff and the FLSA Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, et seq. This violated the FLSA.

90. Defendants also required Named Plaintiff and the FLSA Minimum Wage Collective Members to perform non-tipped side work unrelated to their tipped occupation. During these periods, Defendants compensated Named Plaintiff and the FLSA Minimum Wage Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, et seq. This violated the FLSA.

86. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

87. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Minimum Wage Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and

attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**OHIO CONST., ART. II, § 34A – RULE 23 CLASS ACTION FOR FAILURE TO PAY MINIMUM WAGE**

88. All of the preceding paragraphs are realleged as if fully rewritten herein.

89. This claim is brought under the Ohio Constitution, Article II, § 34A .

90. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are (an) employer(s) covered by the minimum wage requirements in the Ohio Constitution.

91. Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members were hourly, non-exempt tipped employees.

92. Defendants were not eligible to avail themselves of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution because Defendants required Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members to perform a substantial amount of dual job duties and side work. During these periods, Defendants compensated Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by Article II § 34a of the Ohio Constitution. Defendants violated the Ohio Constitution when they failed to pay Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members the Ohio minimum wage.

93. The exact total amount of compensation that Defendants have failed to pay Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not otherwise kept.

94. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages in an amount equal to two times the unpaid compensation, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Minimum Wage Subclass Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

95. All of the preceding paragraphs are realleged as if fully rewritten herein.

96. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

97. During all relevant times, Defendants were (an) entity/entities covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

98. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages in accordance with Section 4113.15(A).

99. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including minimum wages within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

100. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

101. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

**VII.** **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

B. Certifying the proposed Ohio Rule 23 Class under the Ohio Constitution and the OPPA;

C. Finding that Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including minimum wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including minimum wages as to be determined at trial together with any liquidated damages allowed by the Ohio Constitution;

F. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

I. Rendering a judgment against Defendants for all damages, relief, or any other

recovery whatsoever;

  J. Issuing an Order directing Defendants to pay reasonable attorneys' fees and all costs connected with this action; and

  K. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **COFFMAN LEGAL, LLC**

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman (0085586)
        Adam C. Gedling (0085256)
        Kelsie N. Hendren (0100041)
        Tristan T. Akers (0102298)
        1550 Old Henderson Rd.
        Suite #126
        Columbus, Ohio 43220
        Phone: 614-949-1181
        Fax: 614-386-9964
        Email: mcoffman@mcoffmanlegal.com
           agedling@mcoffmanlegal.com
           khendren@mcoffmanlegal.com
           takers@mcoffmanlegal.com

        *Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman